**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

ANDRE G. BOUCHARD
CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted:  October 3, 2014
Date Decided:  October 6, 2014

Philip Trainer, Jr., Esquire
Toni-Ann Platia, Esquire
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE 19899

<u>By Certified Mail</u>
Visenergy, Inc.
William C. Hoey, President
66 Shorewood Drive
Bayville, NJ 082721

RE:  *Peter J. Salvatore v. Visenergy, Inc., et al.*
Civil Action No. 10108-CB

Dear Counsel and Mr. Hoey:

On September 9, 2014, plaintiff Peter J. Salvatore ("Salvatore") initiated this action against defendants Visenergy, Inc. ("Visenergy") and William C. Hoey ("Hoey") pursuant to 8 *Del. C.* § 225.  Salvatore seeks a declaratory judgment that the actions taken by a purported majority of Visenergy's stockholders, which purportedly changed the composition of Visenergy's board of directors, were valid and effective.  On September 11, 2014, Visenergy and Hoey were served with the complaint by way of the company's registered agent for service.

During a teleconference held on October 1, 2014, I informed the parties that this matter would be scheduled for trial on an expedited basis and instructed the parties to contact Chambers to obtain dates for a one-day trial to occur about forty-five days hence.  Hoey, who is representing himself in this action *pro se*, was present for the

teleconference and did not object to this time frame. Thereafter, the parties agreed on a November 14, 2014, trial date.

On October 3, 2014, I received a letter from Hoey, dated October 1, 2014, asking to postpone the trial until early 2015 because of the "holidays upcoming" and Hoey's "time required to run two companies." Later that day, I received a letter from Salvatore's counsel opposing Hoey's request for a postponement.

"The purpose of [S]ection 225 is to provide a quick method for review of the corporate election process to prevent a Delaware corporation from being immobilized by controversies about whether a given officer or director is properly holding office." *Box v. Box*, 697 A.2d 395, 398 (Del. 1997). Although the Court is sympathetic to Hoey's *pro se* status, that status does not overcome the exigency of resolving the dispute concerning the composition of Visenergy's board. From my review of the five-page complaint in this action, moreover, the issues in this case concern the validity of two stockholder written consents and thus appear to be quite narrow in nature. Therefore, having a trial approximately sixty days after the filing of a complaint, which is generally within the bounds of a reasonable timeline for a Section 225 proceeding generally, is particularly appropriate here.

For these reasons, Hoey's request to reschedule the trial, currently scheduled for November 14, 2014, is DENIED. The parties are directed to submit a scheduling order in accordance with the Court's letter of October 1, 2014.

IT IS SO ORDERED.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gp